IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE TRUITT, SR. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PHILADELPHIA FAMILY COURT | : | NO. 15-5847 |
| PHILADELPHIA PARKING AUTHORITY | : | |

MEMORANDUM

QUIÑONES ALEJANDRO, J.                                    OCTOBER 30, 2015

**INTRODUCTION**

On October 27, 2015, Plaintiff George Truitt, Sr., ("Plaintiff"), acting *pro se*, filed this action pursuant to 42 U.S.C. § 1983, against the Philadelphia Family Court and the Philadelphia Parking Authority (PPA), and an application to proceed *in forma pauperis*. This Court will grant Plaintiff leave to proceed *in forma pauperis*. Upon consideration of the facts alleged in the complaint, for the reasons set forth, Plaintiff's complaint is dismissed.

**I.   FACTS**

In his complaint, Plaintiff alleges that his driver's license was suspended without his knowledge or consent by a judge on the Philadelphia Family Court. He contends that he was informed by a police officer that his license was suspended when he was pulled over on April 18th.[1]  Despite having been informed that his license had been suspended, it appears that Plaintiff continued to drive and was pulled over again on June 28th. On that occasion, the

---

[1] Although it is unclear, the complaint implies that Plaintiff's license was suspended in October of 2014 and that he first learned of the suspension when he was pulled over on April 18, 2015.

Philadelphia police and the PPA towed his car. Plaintiff also contends that warrants have been issued for him as a result of the above incidents.[2]

Based on those facts, Plaintiff initiated this lawsuit claiming that he has been denied the "right to travel upon public highways in [his] automobile." (Compl. ¶ II.B.) He seeks $50,000 in damages for the violation of his rights "as a private traveler on a public highway," $20,000 "in compensation for the illegal towing of [his] automobile," and the reinstatement of his driving privileges. (*Id.* ¶ V.) On the same day he filed this lawsuit, Plaintiff and another individual, Tisha Williams, initiated a lawsuit against several Philadelphia police officers and the Philadelphia Police Department based on the events of June 28th, *Truitt v. Phila. Police Dep't*, E.D. Pa. Civ. A. No. 15-5850. The complaint in civil action number 15-5850 also seeks damages for the seizure of the car on June 28th, but, unlike the complaint in this case, states that Ms. Williams is the owner of the vehicle.

## II.   STANDARD OF REVIEW

Plaintiff's application to proceed *in forma pauperis* is granted because it appears that he is incapable of paying the fees to commence this civil action. As to his complaint, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) requires a court to dismiss a complaint if it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). To survive dismissal for failure to state a claim, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.*

---

[2] A review of public dockets reflects that Plaintiff is awaiting trial for driving with a suspended license in two proceedings in the Philadelphia Court of Common Pleas. *See Commonwealth v. Truitt*, Docket No. CP-51-SA-0002945-2015; *Commonwealth v. Truitt*, Docket No. CP-51-SA-0002415-2015.

As Plaintiff is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

Plaintiff's claims against the Philadelphia Family Court fail because said defendant is entitled to Eleventh Amendment immunity and is not a "person" for purposes of § 1983. The Eleventh Amendment entitles states to immunity from suit in federal court. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). Furthermore, states are not "persons" for purposes of § 1983. *Id.* at 69. As the Pennsylvania courts, including local courts, are instrumentalities of the Commonwealth, the Philadelphia Family Court is not subject to liability under § 1983. *See Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005); *see also Lynch v. City of Phila.*, 440 F. App'x 117, 119 (3d Cir. 2011). If Plaintiff seeks to challenge the Family Court's order, he must do so in that court.

Plaintiff's remaining claims against the PPA concern said defendant's involvement in the towing of his car on June 28th. Plaintiff has not alleged that a PPA policy or custom caused the alleged violation of his rights so as to state a claim against the PPA. *See McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009) ("[W]hen a suit against a municipality is based on § 1983, the municipality can only be liable when the alleged constitutional transgression implements or executes a policy, regulation, or decision officially adopted by the governing body or informally adopted by custom." (quotations omitted)); *see Devivo v. Phila. Parking Auth.*, Civ. A. No. 97-2349, 1999 WL 124472, at *1 (E.D. Pa. Mar. 4, 1999). In any event, neither the denial of a driver's license nor the interference with only one mode of transportation, as is alleged here, violates the constitutional right to travel. *See Abuhouran v. Soc. Sec. Admin.*, 291 F. App'x 469, 473 (3d Cir. 2008) (per curiam) ("[N]or does the denial of a driver's license

implicate the right to interstate travel"); *Robinson v. Huerta*, --- F. Supp. 3d. ---, Civ. A. No.14-0451, 2015 WL 5011411, at *10 (D.D.C. Aug. 24, 2015) ("[A] number of courts have held that an incidental restriction on single a mode of transportation does not implicate the constitutional right to travel." (citing sources)).

Furthermore, Plaintiff may only challenge the seizure of the car if he is the owner of the vehicle, which is unclear in light of the conflicting allegations in his two complaints. *See Lynch*, 440 F. App'x at 119-20 ("As to Lynch's claims regarding the three vehicles, the District Court is correct that he only has standing to challenge the towing of the 1973 Ford tow truck, because he is not the registered owner of the 1990 Chevrolet Lumina towed on June 19, 2007, or the Chevrolet Geo towed on October 15, 2007.") As the complaint in civil action number 15-5850 brings claims on behalf of Plaintiff and Ms. Williams (the other possible owner of the car) based on the same seizure challenged in this case, this Court will dismiss, without prejudice, any claims challenging the seizure of the car to Plaintiff proceeding with those claims in civil action number 15-5850.[3]

IV. **CONCLUSION**

For the foregoing reasons, Plaintiff's complaint against the Philadelphia Family Court is dismissed with prejudice; and his claims based on the seizure of the car on June 28th, is dismissed without prejudice to Plaintiff proceeding civil action number 15-5850. Plaintiff will not be given leave to file an amended complaint in this case because any amendment would be futile. An appropriate order follows which will be docketed separately.

NITZA I. QUIÑONES ALEJANDRO, U.S.D.C., J.

---

[3] Although Plaintiff did not name the PPA as a defendant in that case, Federal Rule of Civil Procedure 15(a) allows for amendment.